# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| VICKI CLANTON,      ]<br>]<br>Plaintiff,     ]<br>]<br>v.      ]<br>]<br>EDWARD BOHANNON, STATE FARM     ]<br>MUTUAL AUTOMOBILE INSURANCE     ]<br>COMPANY,      ]<br>]<br>Defendant.     ]<br>]<br>]<br>]<br>] | CV-07-BE-1942-M |

## MEMORANDUM OPINION

This case comes before the court on "Motion to Dismiss, or in the Alternative, Motion for Summary Judgment" (doc. 8) filed by Defendant, Edward Bohannon, and Plaintiff's "Motion to Transfer" (doc. 11). On March 8, 2008, this court entered an "Order to Show Cause" why Defendant's motion should not be granted based on lack of personal jurisdiction and, along with her response, Plaintiff filed a motion to transfer the case to a district court in Georgia. Although the court has determined that it lacks personal jurisdiction, it will GRANT Plaintiff's motion to transfer pursuant to 28 U.S.C. § 1406; accordingly, Defendant's "Motion to Dismiss, or in the Alternative, Motion for Summary Judgment" based on lack of personal jurisdiction is MOOT.

Because Defendant's motion raised jurisdictional issues, the court would traditionally engage in a two-step inquiry: (1) whether the exercise of jurisdiction over Defendant is

appropriate under the state's long-arm statute; and, if so, (2) whether that exercise would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *See Sloss Indus. Corp. v. Eurisol*, 488 F.3d 922, 925 (11th Cir. 2007). In Alabama, however, this two-step inquiry merges into one; Alabama's long-arm statute, Rule 4.2(b)[1] of the Alabama Rules of Civil Procedure, "permits the exercise of personal jurisdiction to the fullest extent constitutionally permissible." *See id.* (citing Ala. R. Civ. P. 4.2(b); *Sieber v. Campbell*, 810 So. 2d 641, 644 (Ala. 2001)). The Due Process Clause "requires that the defendant have minimum contacts with the forum state and that the exercise of jurisdiction over the defendant does not offend 'traditional notions of fair play and substantial justice.'" *Horizon Aggressive Growth, L.P. v. Rothstein-Kass, P.A.*, 421 F.3d 1162, 1166 (11th Cir. 2005) (quoting *Mut. Serv. Ins. Co. v. Frit Indus., Inc.*, 358 F.3d 1312, 1319 (11th Cir. 2004)).

Because the accident made the basis of this lawsuit has no connection with Alabama, the court relies upon the theory of general jurisdiction, as opposed to specific jurisdiction, in its analysis. *See, e.g., Sloss,* 488 F.3d at 925; *Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino*, 447 F.3d 1357, 1360 n. 3 (11th Cir. 2006). To invoke general personal jurisdiction, a defendant's contacts with the state must be "both 'continuous and systematic.'" *Elliott v. Van Kleef*, 830 So. 2d 726, 730 (Ala. 2002) (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n. 9, 415 (1984)).

Defendant Bohannon's affidavit presents the following evidence to demonstrate that a

---

[1] Rule 4.2(b) provides in relevant part: "An appropriate basis exists for service of process outside of this state upon a person or entity in any action in this state when the person or entity has such contacts with this state that the prosecution of the action against the person or entity in this state is not inconsistent with the constitution of this state or the Constitution of the United States . . . ."

2

court sitting in Alabama lacks personal jurisdiction over him: (1) Bohannon is a resident of the state of Georgia and resided in Georgia at the time of the accident made the basis of this lawsuit; (2) the accident occurred in Floyd County, Georgia; (3) the accident occurred while he was employed by a company located in Rome, Georgia, and he was traveling to a work site in Coosa, Georgia; (4) at the time of the accident, he was not transacting business with the state of Alabama or anyone within the state of Alabama, nor was he conducting business for any resident of the state of Alabama; (5) he spent one semester at Jacksonville State University in Alabama during the fall of 2004, but has neither lived in Alabama nor attended school in Alabama since December of 2004; and (6) he has never owned property in Alabama nor has he ever worked in Alabama.  Although the Plaintiff bears the burden of establishing jurisdiction under Alabama law, Plaintiff's response to this court's Order provides no *evidence* to dispute these facts other than a vague statement that "plaintiff *had* information that the defendant Bohannon was enrolled in Jacksonville State University at or about the time the accident occurred." (Pl.'s Resp. & Mot. 1-2) (emphasis added).

      Having examined the affidavit of Edward Bohannon, Alabama's long-arm statute, the Due Process Clause, and the relevant case and statutory law, the court finds that Defendant Bohannon does not have sufficient contacts with the state of Alabama to subject him to this court's jurisdiction.  His short, one-semester stint as a student at an Alabama college, ending prior to the accident and almost three years before Plaintiff filed this suit, is not a continuous and systematic contact sufficient to subject him to personal jurisdiction in the state of Alabama.  He would not "reasonably anticipate being haled into court" in this state.  *See Elliot*, 830 So. 2d at 730 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985)).  Accordingly,

maintaining this lawsuit in the forum state of Alabama would offend the traditional notions of justice and fair play and, thus, violate the Due Process Clause.

If the court concludes that the case was improperly filed in the Northern District of Alabama, the Plaintiff requests that it be transferred to the proper district court in Georgia under 28 U.S.C. § 1406. Although the confusion is perhaps understandable, the code section cited by Plaintiff refers to a transfer due to *improper venue* and the instant case actually involves a motion for transfer due to *lack of personal jurisdiction*. *See generally Leroy v. Great Western United Corp.*, 443 U.S. 173, 180 (1979) (citing 15 Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, *Federal Practice and Procedure* § 3801 (1st ed. 1976) (explaining the distinction between personal jurisdiction and venue)).

The court turns instead to 28 U.S.C. § *1631*, which states that "[w]henever a civil action is filed in a court . . . and that court finds that there is a *want of jurisdiction*, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed." (emphasis added). The lack of jurisdiction precludes this court's power to adjudicate the case but does not prevent the court from transferring the case under Section 1631. *See ITT Base Servs. v. Hickson*, 155 F.3d 1272, 1276 (11th Cir. 1998)(lacking jurisdiction to hear the petition for review and transferring case to the appropriate district court pursuant to Section 1631); *Slatick v. Dep't of Labor,* 698 F.2d 433, 434 (11th Cir. 1983)(acknowledging its lack of jurisdiction and transferring the case to the appropriate circuit court pursuant to Section 1631). In her response, the Plaintiff submits that the action could have been brought in the United States District Court for the Northern District of Georgia and, because the accident occurred in that district, this court agrees.

The remaining issue for this court to determine is whether justice requires the transfer of this case. Plaintiff argues that the transfer would be in the interest of justice not only to dispose of any time-consuming "technicalities," such as the dismissal and re-filing of this case, but also to preserve any and all claims against the Defendant. The court also notes that Plaintiff apparently received incorrect information that Defendant Bohannon was a student at an Alabama college and, therefore, did not knowingly file suit in an improper forum. The court concludes that transferring the case would be in the interest of justice and will GRANT Plaintiff's motion.

The court will enter a separate order in accordance with this opinion.

Dated the 27th day of March, 2008.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE